UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Florence ("Flossie") Wilson Nzongola,<br><br>                Plaintiff,<br><br>vs.<br><br>Beaufort County<br>Beaufort County Council;<br>Wm. Weston J. Newton;<br>Dick Stewart;<br>Beaufort County Court of Common Pleas;<br>Jackson V. Gregory;<br>Elizabeth M. Smith, Clerk of Court;<br>Beaufort County Magistrate Court;<br>Rita A. Simmons;<br>Joseph McDomick, Jr.,<br><br>                Defendant(s). | ) C/A 9:06-307-SB-RSC<br>)<br>)<br>)<br>)<br>)<br>)    Report and Recommendation |

In this civil action the plaintiff is suing Beaufort County, the Beaufort County Council, Beaufort County Council members William Weston J Newton and Dick Stewart, the Beaufort County Court of Common Pleas, State Circuit Court Judge Jackson V. Gregory, the Beaufort County Clerk of Court Elizbeth (sic) M. Smith, the Beaufort County Magistrate Court, and Rita A. Simmons and Joseph McDomick, Jr. who are Beaufort County Magistrate Judges.

This is not the first action that the plaintiff has filed in the District Court. A prior suit against the Beaufort County Sheriff's Department, Civil Action No. 2:92-2801-08AJ [formerly 2:91-mc-32], was dismissed by (then) United States District Judge Sol Blatt, Jr., on June 2, 1991. The Court of Appeals affirmed Judge Blatt's order. *See* Nzongola v. Beaufort County, Sheriff Department, 978 F.2d 1255, 4th Cir. (S.C.), Nov. 6, 1992 [Table]. The miscellaneous case number was converted to a civil action number after the notice of appeal was filed. In Nzongola v. Quality Transmissions, *et.*

1

al., Civil Action No. 3:92-1703-08AJ, it was recommended that the action, a suit against an automobile repair company, the South Carolina Department of Consumer Affairs, and various agencies and departments of the District of Columbia, be summarily dismissed because there was not complete diversity of parties, and no *in personam* jurisdiction over the District of Columbia, and because the plaintiff had not exhausted her administrative remedies under the District of Columbia Code of Laws.   The Honorable Sol Blatt, Jr., United States District Court for the District of Columbia (now Senior United States District Judge), in an order filed on July 23, 1992, adopted the recommendation, and dismissed the case without prejudice.  The plaintiff filed a notice of appeal, which was deemed to be timely filed.  The United States Court of Appeals for the Fourth Circuit affirmed Judge Blatt's order in Nzongola v. Quality Transmissions, et. al., 978 F.2d 1255, 4th Cir. (S.C.), Nov. 6, 1992 [Table].  That case is apparently related to a case the plaintiff originally filed in the United States District Court for the District of Columbia.  *See* Nzongola v. District of Columbia Police Department, 976 F.2d 46 (D.C. Cir. 1992) [Table].[1]

In the instant matter, the plaintiff alleges the defendants "show favorisum (sic) to whites" and fail to regulate reported instances of "...act of violence, thefts of Court documents, a (10) year pattern

---

[1]

A search of the Westlaw service indicates, among other things, that this plaintiff was involved in domestic litigation that may have taken place in courts in the State of Georgia, in the United States Court of Appeals for the Eleventh Circuit, and in the Supreme Court of the United States. *See* Nzongola v. Nzongola, 456 U.S. 933 (1982) (denial of *certiorari* from an unpublished case in the State of Georgia); and Nzongola v. Nzongola, 746 F.2d 813 (11th Cir. 1984)[Table].

The plaintiff has had other litigation in the state of Georgia.  See the denials of *certiorari* in Nzongola v. Georgia, 494 U.S. 1067 (1990); and Nzongola v. Superior Court, Fulton County, 493 U.S. 1077 (1990).  In fact, the Westlaw search shows that the plaintiff has filed several cases in the District of Columbia, and a few others in California. *See for example* Nzongola v. Giant Food, Inc., 2005 WL 366964 (D.C. Cir., Feb. 11, 2005); Nzongola v. N. Street Village, Inc., 111 Fed. Appx. 614, 2004 WL 2439836 (D.C. Cir. November 1, 2004); Nzongola v. Santa Clara County Sheriff's Dept., 165 F.3d 917 (1998); and Nzongola v. City of Salinas, 1996 WL 37790, (N.D. Cal., Jan 19, 1996).

set against this plaintiff..." *See* Complaint @ 2. Specifically, the plaintiff states that the defendants failed to safeguard certain documents given to them in 2003, allowing "these suspects" to remove them. The documents are apparently court documents filed by the plaintiff in Beaufort County against Greyhound Bus Lines, Inc.. She states that someone broke into her baggage as she was traveling from California to New York and from New York to Beaufort, South Carolina. Some items were taken during the trip from California to New York, and again from New York to Beaufort. The plaintiff states the Court of Common Pleas "was directed too (sic) find a way to dispose of a review that could give me the relief due me, so on that date they decided to use a denial of waiver of fee's and costs." Id. @ 27. The plaintiff maintains that Beaufort County "concoxed schemes" to delay the filing of the complaint...."then allowed the theft, delay of the complaint to exit, delaying my speedy trial, then even later, declare the complaint no where to be found on the return by mail. Beaufort County carried this plaintiff through this crazyness - 2003 - 2006..." Id. @ 4.

Plaintiff states that her mail has been interrupted for many years, starting back in 1982, and still exist today "...for whatever reason is not clear." Id. @ 18. She states "I believe the court knows the whereabouts of my original complaint filed in 2003." Id. @ 20.

She goes on to say the disappearance of her complaint is really a conspiracy staged by "one of two white men", "one of three white females", or "one of two Mexican females". Id. @ 21. According to the complaint, these individuals direct the Court of Common Pleas, the Magistrate's Court, and the Clerk of Court to conspire against her, but she states they will not "...recognize (sic) the whereabouts of the (3) case, (1) in the Court of Common Pleas and (2) in the Magistrate Court..." In addition, the plaintiff claims that the white men, white women, and Mexican females referred to above have been stalking her since 1992. These individuals allegedly "...ride in new expensive cars and limos black, gray, white, and when they are around all kinds of thefts and bazzar (sic) behavior

3

occurres (sic) to me through private citizens, public officials, police judges courts, public businesses, and public transportations (sic), federal business (post office ect) and other cities & counties state officials. Everyone ignores their identity..." Id. @ 22. The undersigned presumes that these "white men, white women, and Mexican females" are the "suspects" to whom the plaintiff refers earlier in her complaint.

In addition, the plaintiff alleges that Beaufort County "knew these suspects committed the theft of this plaintiff's baggages (sic) from Greyhound Bus Line, Inc..." Id. @ 7. Other allegations state that the "suspects" scheduled dental surgery for her in Washington, D.C. so she would miss a court appearance. Id. @ 10. She states that when she returned to Beaufort she filed a motion to reinstate the case. It is not clear what result the plaintiff received from the filing of the motion, although it is presumed the motion was denied. This is because the plaintiff states there was a "second case filing" but that she was denied a waiver of costs and fees. As such, the plaintiff maintains that "the case never had a review on the merit of my case to get a fair trial, the grounds and claims were never looked at, thus, no relief was given me my Constitutional Right of Due Process of Law was interfeared (sic). She maintains that this is a violation of her due process rights. She seeks three million dollars in damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro*

*se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

The Beaufort County Court of Common Pleas, and the Beaufort County Magistrate Court are courts in the State of South Carolina's unified judicial system. *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); City of Pickens v. Schmitz, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); Spartanburg County Dept. of Social Services v. Padgett, 296 S.C. 79, 370 S.E.2d 872, 875-876 & n. 1 (1988); and Cort Industries Corp. v. Swirl, Inc., 264 S.C. 142, 213 S.E.2d 445, 446 (1975).

These two defendants, consist of buildings and grounds. Inanimate objects – such as buildings and grounds – do not act under color of state law. Hence, the defendants are not "person[s]" subject to suit under 42 U.S.C. § 1983. *See* Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]"

subject to suit under 42 U.S.C. § 1983). *See also* <u>Staley v. South Carolina Department of Corrections, et. al.</u>, 2003 WL 23541770 (D.S.C. Dec. 04, 2003)(NO. C/A 9:03-3436-23BG), *affirmed* <u>Staley v. South Carolina Department of Corrections</u>, 96 Fed. Appx. 928 (4th Cir. (S.C.) May 21, 2004)(Not selected for publication in the Federal Reporter, No. 04-6022); <u>Dewitt v. Adduci, et. al.</u>, 2002 WL 32332077 (D.S.C. August 13, 2002)(NO. C/A 3:02-0942-24BC). As a result, these defendants are entitled to summary dismissal.

Beaufort County is also not responsible for actions taken by any state courts within Beaufort County. It can be judicially noticed that, in South Carolina, a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973. *See* Act No. 58, 1973 S.C. Acts 161; Article V, Section 1 of the Constitution of the State of South Carolina; and <u>State ex rel. McLeod v. Civil and Criminal Court of Horry County</u>, 265 S.C. 114, 217 S.E.2d 23, 24 (1975). Consequently, Beaufort County is not a proper party defendant because it has no authority over the county court system.

Furthermore, State Circuit Court Judge Jackson V. Gregory, and Magistrate Judges Rita A. Simmons and Joseph McDomick, Jr., are immune from a suit seeking damages for actions arising out of their official duties. *See* <u>Mireles v. Waco</u>, 502 U.S. 9, 116 L.Ed.2d 9, 112 S.Ct. 286 (1991); <u>Stump v. Sparkman</u>, 435 U.S. 349, 351-364 (1978); <u>Pressly v. Gregory</u>, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); and <u>Chu v. Griffith</u>, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also* <u>Siegert v. Gilley</u>, 500 U.S. 226, 114 L.Ed.2d 277, 287, 111 S.Ct. 1789 ,(1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); <u>Burns v. Reed</u>, 500 U.S. 478, 114 L.Ed.2d 547, 562, 111 S.Ct. 1934 (1991)(safeguards built into the judicial system tend to reduce the need for private

damages actions as a means of controlling unconstitutional conduct); and <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

County Clerks of Court, though elected by the voters of a County, are also part of the State of South Carolina's unified judicial system. *See* S.C. Const. Article V, § 24; § 14-1-40, South Carolina Code of Laws (as amended); and § 14-17-10, South Carolina Code of Laws (as amended). In the above-captioned case, defendant Smith, the Clerk of Court for Beaufort County has quasi-judicial immunity because the plaintiff's allegations show that the defendant was following rules of a Court, or was acting pursuant to authority delegated by a court to Clerk's Office personnel. *See* <u>Cook v. Smith</u>, 812 F. Supp. 561, 562 (E.D.Pa. 1993); and <u>Mourat v. Common Pleas Court of Lehigh County</u>, 515 F. Supp. 1074, 1076 (E.D.Pa. 1981). In <u>Mourat v. Common Pleas Court of Lehigh County</u>, the district court, in a ruling from the bench, rejected claims similar to those raised by the *pro se* plaintiff in the case *sub judice*:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

<u>Mourat v. Common Pleas Court for Lehigh County</u>, <u>supra</u>, 515 F. Supp. at 1076. *See also* <u>Dieu v. Norton</u>, 411 F.2d 761, 763 (7th Cir. 1969)("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as

7

this rule of law was not abolished by § 1983, *supra*.").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992), *cert. denied*, Sceifers v. Vail, 506 U.S. 1062, 122 L.Ed.2d 152, 113 S.Ct. 1002 (1993), *quoting* Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989). *See also* Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel). As such, defendant Smith is entitled to summary dismissal.

Beaufort County Council, and Beaufort County Council members Newton and Stewart are also entitled to summary dismissal. No where in the complaint does the plaintiff refer to them specifically, instead using "Beaufort County" rather generally throughout the pleading. There is no indication that the Beaufort County Council, or any of its members, were involved with the decisions rendered by the courts of Beaufort County in the plaintiff's cases.

Since Beaufort County Council, and Beaufort County Council members Newton and Stewart were not personally involved in the events that gave rise to this case, liability under § 1983 may not be imposed upon them. *See* Wilson v. Cooper, 922 F. Supp. 1286, 1293 (N.D.Ill. 1996); and Campo v. Keane, 913 F. Supp. 814, 825 & n. 11 (S.D.N.Y. 1996). *See also* Horton v. Marovich, 925 F. Supp. 540 (N.D.Ill. 1996)("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right.").

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-

captioned case *without prejudice* and without issuance and service of process. *See* <u>Denton v.</u>
<u>Hernandez</u>, <u>supra</u>; <u>Neitzke v. Williams</u>, <u>supra</u>; <u>Haines v. Kerner</u>, <u>supra</u>; <u>Brown v. Briscoe</u>, 998 F.2d
201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d
1535 (4th Cir. 1993); <u>Boyce v. Alizaduh</u>, <u>supra</u>; <u>Todd v. Baskerville</u>, <u>supra</u>, 712 F.2d at 74; 28
U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)];


Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
Date  2/24/06


*<u>The plaintiff's attention is directed to the important notice on the next page.</u>*

9

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
