# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

Florence Wilson Nzongola,)
)
                Plaintiff,)
)
-vs-)
)
Beaufort County; Beaufort County)
Council; Wm. Weston J. Newton;)
Dick Stewart; Beaufort County)
Court of Common Pleas; Jackson)
V. Gregory; Elizabeth M. Smith,)
Clerk of Court; Beaufort County)
Magistrate Court; Rita A. Simmons;)
and Joseph McDomick, Jr.,)
)
                Defendants.)

Civil Action No. 9:06-307-SB

**ORDER**



This matter is before the Court on the pro se Plaintiff's action alleging violations of her constitutional rights, pursuant to 42 U.S.C. § 1983. By local rule, the action was referred to United States Magistrate Judge Robert S. Carr for preliminary review.

The Magistrate Judge issued a report on February 24, 2006, analyzing the complaint and recommending that this action be summarily dismissed under 28 U.S.C. § 1915 without prejudice and without issuance or service of process. A notice attached to the report advised the Plaintiff that she had ten days in which to file specific, written objections. Rather than filing objections, the Plaintiff filed a motion to add a party defendant and a motion for appointment of counsel.

As to the motion for appointment of counsel, it is well-established that there is no constitutional right to the assistance of counsel in a civil action. Pennsylvania

v. Finley, 481 U.S. 551, 555 (1987) (constitutional right to counsel "extends to the first appeal of right" after a criminal conviction, "and no further"). Courts have the authority to appoint counsel in civil cases, see 28 U.S.C. § 1915(e), but such authority should only be exercised in "exceptional circumstances." E.g., Fowler v. Lee, 18 Fed. Appx. 164, 166 (4th Cir. Sept. 10, 2001) (citing Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984)).

Here, the Court has undertaken an extensive review of the complaint as well as the Magistrate Judge's report and recommendation, and concludes that the Plaintiff's allegations are totally without merit. Her allegations of a "conspiracy" between and among employees of Beaufort County to misplace and/or steal court documents are untenable. Furthermore, as noted by the Magistrate Judge, none of the named Defendants is subject to liability under § 1983. As such, there are no exceptional circumstances which would require the appointment of counsel. Moreover, the Plaintiff's request to add the South Carolina Court of Appeals as a Defendant to this action is equally without merit. This motion is also denied.

Based on the foregoing, it is

ORDERED that the Magistrate Judge's report and recommendation is affirmed; the Plaintiff's motion to add defendant is denied; the Plaintiff's motion for appointment of counsel is denied; and this action is dismissed without prejudice and without issuance or service of process.



**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March 20, 2006
Charleston, S.C.

